**JOHNSTON & HUTCHINSON LLP**
THOMAS J. JOHNSTON (CA SBN 210506)
Email: tjj@johnstonhutchinson.com
Nicholas M. Hutchinson (CA SBN 221870
Email:  nmh@johnstonhutchinson.com
Two California Plaza
350 S. Grand Avenue, Suite 2220
Los Angeles, CA 90071
Telephone:  (213) 542-1978
Facsimile:  (213) 542-1977

**THE AMMONS LAW FIRM, LLP**
PATRICK A. LUFF (pro hac vice pending)
Email: patrick.luff@ammonslaw.com
MIRIAH A. SOLIZ (pro hac vice pending)
Email: miriah@ammonslaw.com
3700 Montrose Blvd.
Houston, TX 77006
Telephone:  (713) 523-1606
Facsimile:  (713) 523-4159

[ADDITIONAL COUNSEL ON FOLLOWING PAGE]

*Counsel for Plaintiffs and the Proposed Classes*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| HAIR PERFECT INTERNATIONAL, INC., | Case No. 2:20-cv-03729 _____ |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **[DEMAND FOR JURY TRIAL]** |
| SENTINEL INSURANCE COMPANY, LIMITED, d/b/a THE HARTFORD, | |
| Defendant | |

**THE LAW OFFICES OF ROBERT L SHAPIRO**
ROBERT L. SHAPIRO (CA SBN 43693)
Email: rs@glaserweil.com
10250 Constellation Blvd 19th Floor
Los Angeles, CA 90067
Telephone:   (310) 556-7886
Facsimile:   (310) 556-2920

**THE KNEAFSEY FIRM**
SEAN M. KNEAFSEY (SBN 180863)
Email:  skneafsey@kneafseyfirm.com
KURT A. DREIBHOLZ (SBN 212779)
Email:  kdreibholz@kneafseyfirm.com
JOSHUA SHIN (CA SBN 323071)
Email:  jshin@kneafseyfirm.com
800 Wilshire Blvd., Suite 710
Los Angeles, California 90017
Phone: (213) 892-1200
Fax: (213) 892-1208

*Counsel for Plaintiffs and the Proposed Classes*

Hair Perfect International, Inc., individually and on behalf of the other members of the below-defined nationwide Plaintiffs' classes (collectively, the "Class"), bring this class action against Defendant Sentinel Insurance Co., Ltd. d/b/a The Hartford ("Hartford") and would respectfully show as follows:

## I.      NATURE OF THE ACTION

1.      Plaintiff Hair Perfect International, Inc., located in Pasadena, California, is a company whose existence is now threatened because of COVID-19.

2.      Defendant is a subsidiary of The Hartford Financial Services Group, Inc.  The Hartford Financial Services Group, Inc.'s property insurance operations are conducted primarily through Defendant.

3.      To protect its business in the event that it suddenly had to suspend operations for reasons outside of its control, Plaintiff purchased insurance coverage from Defendant, including special property coverage, as set forth in Defendant's Special Property Coverage Form (Form SS 00 07 07 05) ("Special Property Coverage Form").

4.      Defendant's Special Property Coverage Form provides "Business Income" coverage, which promises to pay for loss due to the necessary suspension of operations.

5.      Defendant's Special Property Coverage Form also provides "Extra Expense" coverage, which promises to pay the expenses incurred to minimize the suspension of business and to continue operations.

6.      Defendant's Special Property Coverage Form also provides "Civil Authority" coverage, which promises to pay for loss caused by the action of a civil authority that prohibits access to the insured premises.

7.      Defendant's Special Property Coverage Form, under a section entitled "Duties in the Event of Loss or Damage" mandates that Defendant's insured "must see that the following are done in the event of loss". . . [t]ake all reasonable steps to protect the Covered Property from further damage," "set the damaged property aside

in the best possible order for examination," and "keep a record of your expenses for emergency and temporary repairs for consideration in the settlement of the claim." This type of coverage has historically been known as "sue and labor" coverage or a "sue and labor" provision, and property policies have long provided coverage for these types of expenses.

8. Plaintiff was forced to suspend or reduce business due to COVID-19 (a.k.a. the "coronavirus" or "SARS-CoV-2") and the resultant orders issued by the Governor of California and the City of Pasadena mandating the suspension of business like Plaintiff's as well as to take necessary steps to prevent further damage and minimize the suspension of business and continue operations.

9. Upon information and belief, Defendant has, on a widescale and uniform basis, refused to pay its insureds under its Business Income, Civil Authority, Extra Expense, and Sue and Labor coverages for losses suffered due to COVID-19, any executive orders by civil authorities that have required the necessary suspension of business, and any efforts to prevent further property damage or to minimize the suspension of business and continue operations. Indeed, Defendant has denied Plaintiff's claim under its policy.

## II.   JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because Defendant and at least one Class member are citizens of different states, and because (a) the Class consists of at least 100 members; (b) the amount in controversy exceeds $5,000,000 exclusive of interest and costs; and (c) no relevant exceptions apply to this claim.

11. Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff resides in this district, and because a substantial portion of the acts and conduct giving rise to the claims occurred within the District.

/ / /

### III.   THE PARTIES

12.     Plaintiff Hair Perfect International, Inc., is a California company with its principal place of business in Pasadena California. Plaintiff owns and operates Hair Perfect in Pasadena, California.

13.     Defendant Sentinel Insurance Co., Ltd. d/b/a The Hartford ("Hartford") is a Connecticut company with its principal place of business in Hartford, Connecticut. Defendant is authorized to write, sell, and issue insurance policies providing property and business income coverage in California. At all times material hereto, Defendant conducted and transacted business through the selling and issuing of insurance policies within California, including, but not limited to, selling and issuing property coverage to Plaintiff.

### IV.   FACTUAL BACKGROUND

***A.       The Special Property Coverage Form Protecting Plaintiff***

14.     In return for the payment of a premium, Defendant issued Policy No. 72SBAAN5086 to Plaintiff for a policy period of December 8, 2019, to December 8, 2020, including a Businessowners Special Property Coverage Form. Plaintiff has performed all of its obligations under Policy No. 72SBAAN5086, including the payment of premiums. The Covered Property, with respect to the Special Property Coverage Form, is the Hair Perfect salon at 135 W. California Blvd., Pasadena, California.

15.     Plaintiff's Special Property Coverage Form includes Business Income, Civil Authority, Extra Expense, and Sue and Labor coverages.

16.     In many parts of the world, property insurance is sold on a specific peril basis. Such policies cover a risk of loss if that risk of loss is specifically listed (e.g., hurricane, earthquake, H1N1). Most property policies sold in the United States, however, including those sold by Defendant, are all-risk property damage policies. These types of policies cover all risks of loss except for risks that are

- 3 -
COMPLAINT

expressly and specifically excluded. In the Special Property Coverage Form provided to Plaintiff, under the heading "Covered Causes of Loss," Defendant agreed to pay for all risk of direct physical loss unless the loss is excluded or limited by the Special Property Coverage Form.

17.     In the Special Property Coverage Form, Defendant did not exclude or limit coverage for losses from viruses.

18.     The Special Property Coverage Form is modified by an endorsement, Form SS 40 93 07 05 (the "Virus Endorsement"), which expressly provides coverage for losses caused by fungi, bacteria, or viruses.

## LIMITED FUNGI, BACTERIA OR VIRUS COVERAGE

This endorsement modifies insurance provided under the following:

**SPECIAL PROPERTY COVERAGE FORM**
**STANDARD PROPERTY COVERAGE FORM**
**PERSONAL PROPERTY OF OTHERS**
**COMPUTERS AND MEDIA COVERAGE**

19.     The Endorsement requires Plaintiff to use "all reasonable means . . . to save and preserve the property from further damage at the time of and after that occurrence."

20.     Losses due to COVID-19 are a Covered Cause of Loss under the Defendant's insurance policies with the Special Property Coverage Form.

21.     Losses due to COVID-19 are covered by the Endorsement.

22.     Any reading of the Special Property Coverage Form and the Endorsement that does not provide coverage for losses due to COVID-19 would render Policy No. 72SBAAN5086 an illusory contract.

23.     In the Special Property Coverage Form, Defendant agreed to pay for its insureds' actual loss of Business Income sustained due to the necessary suspension of its operations during the "period of restoration" caused by direct physical loss or damage. A "partial slowdown or complete cessation" of business activities at the

- 4 -
COMPLAINT

Covered Property is a "suspension" under the policy, for which Defendant agreed to pay for loss of Business Income during the "period of restoration" that occurs within 12 consecutive months after the date of direct physical loss or damage.

24.   "Business Income" means the net income (or loss) before tax that Plaintiff would have earned if no physical loss or damage had occurred.

25.   The presence of virus or disease can constitute physical damage to property, as the insurance industry has recognized since at least 2006. When preparing so-called "virus" exclusions to be placed in some policies, but not others, the insurance industry drafting arm, ISO, circulated a statement to state insurance regulators that included the following:

> Disease-causing agents may render a product impure (change its quality or substance), or enable the spread of disease by their presence on interior building surfaces or the surfaces of personal property. When disease-causing viral or bacterial contamination occurs, potential claims involve the cost of replacement of property (for example, the milk), cost of decontamination (for example, interior building surfaces), and business interruption (time element) losses. Although building and personal property could arguably become contaminated (often temporarily) by such viruses and bacteria, the nature of the property itself would have a bearing on whether there is actual property damage. An allegation of property damage may be a point of disagreement in a particular case.

26.   In the Special Property Coverage Form, Defendant also agreed to pay necessary Extra Expense that its insureds incur during the "period of restoration" that the insureds would not have incurred if there had been no direct physical loss or damage to the Covered Property.

27.    "Extra Expense" means expenses "to avoid or minimize the 'suspension' of business and to continue 'operations,' " and to repair or replace property.

28.    Defendant also agreed to pay for "the actual loss of Business Income" that Plaintiff sustains and any Extra Expense caused by action of civil authority that prohibits access to the Covered Property when a Covered Cause of Loss causes damage to property other than the Covered Property and the civil authority prohibits access to the property and its surrounding area and takes such action in response to dangerous physical conditions.

29.    Defendant's Special Property Coverage Form, under a section entitled "Duties in the Event of Loss or Damage" mandates that Defendant's insured "must see that the following are done in the event of loss . . . [t]ake all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim." This type of coverage has historically been known as "sue and labor" coverage or a "sue and labor" provision, and property policies have long provided coverage for these types of expenses.

30.    Losses caused by COVID-19 and the related orders issued by local, state, and federal authorities triggered the Business Income, Extra Expense, Civil Authority, and Sue and Labor provisions of the Hartford policy.

**B.     *The Covered Cause of Loss***

31.    The presence of COVID-19 has caused civil authorities throughout the country to issue orders requiring the suspension of business at a wide range of establishments, including civil authorities with jurisdiction over Plaintiff's business (the "Closure Orders").

32.    On March 4, 2020, California Governor Gavin Newsom issued a "Proclamation of a State of Emergency."

/ / /

COMPLAINT

33.     On March 19, 2020, Governor Newsom issued Executive Order N-33-20 ("the Closure Order"), which he found was necessary "for the preservation of public health and safety throughout the entire State of California."

34.     The Closure Order requires "all individuals living in the State of California to stay home or at their place of residence except as needed to maintain continuity of operations of the federal critical infrastructure sectors." The Closure Order remains in effect until further notice.

35.     Also on March 19, 2020, the Health Officer for the City of Pasadena, California, issued a Health Officer Order "to control the spread of the Novel Coronavirus (COVID-19) within the City of Pasadena."

36.     On March 22, 2020, the Health Officer for the City of Pasadena, California, issued a revised Health Officer Order closing non-essential businesses, including businesses like Plaintiff's.

37.     Violations of these order are punishable by fine, imprisonment, or both.

**C.     *The Impact of COVID-19 and the Closure Orders***

38.     The presence of COVID-19 caused "direct physical loss of or damage to" each "Covered Property" under the Plaintiff's policy and the policies of the other Class members by denying use of and damaging the Covered Property and by causing a necessary suspension of operations during a period of restoration.

39.     The Closure Orders prohibited access to Plaintiff's and the other Class members' Covered Property, and the area immediately surrounding Covered Property, in response to dangerous physical conditions resulting from a Covered Cause of Loss.

40.     As a result of the presence of COVID-19 and the Closure Orders, Plaintiff and the other Class members lost Business Income and incurred Extra Expense.

41.     On or about March 20, 2020, Plaintiff submitted a claim of loss to Defendant under Plaintiff's policy.

- 7 -

COMPLAINT

42.     On March 24, 2020, Defendant denied Plaintiff's claims.

43.     Defendant has, on a widescale basis with many if not all of its insureds, refused to provide Business Income, Extra Expense, Civil Authority, and Sue and Labor coverage due to COVID-19 and the resultant executive orders by civil authorities that have required the suspension of business.

## V.     CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this action pursuant to Rules 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, individually and on behalf of all others similarly situated.

45.     Plaintiff seeks to represent nationwide classes defined as:

a.  All persons and entities that: (a) had Business Income coverage under a property insurance policy issued by Defendant; (b) suffered a suspension of business related to COVID-19, at the premises covered by their Hartford property insurance policy; (c) made a claim under their property insurance policy issued by Defendant; and (d) were denied Business Income coverage by Defendant for the suspension of business resulting from the presence or threat of COVID-19 (the "Business Income Breach Class").

b.  All persons and entities that: (a) had Civil Authority coverage under a property insurance policy issued by Defendant; (b) suffered loss of Business Income and/or Extra Expense caused by action of a civil authority; (c) made a claim under their property insurance policy issued by Defendant; and (d) were denied Civil Authority coverage by Defendant for the loss of Business Income and/or Extra Expense caused by a Closure Order (the "Civil Authority Breach Class").

c.  All persons and entities that: (a) had Extra Expense coverage under a property insurance policy issued by Defendant; (b) sought to minimize

- 8 -
COMPLAINT

the suspension of business in connection with COVID-19 at the premises covered by their Hartford property insurance policy; (c) made a claim under their property insurance policy issued by Defendant; and (d) were denied Extra Expense coverage by Defendant despite their efforts to minimize the suspension of business caused by COVID-19 (the "Extra Expense Breach Class").

d. All persons and entities that: (a) had a Sue and Labor provision under a property insurance policy issued by Defendant; (b) sought to prevent property damage caused by COVID-19 by suspending or reducing business operations, at the premises covered by their Hartford property insurance policy; (c) made a claim under their property insurance policy issued by Defendant; and (d) were denied Sue and Labor coverage by Defendant in connection with the suspension of business caused by COVID-19 (the "Sue and Labor Breach Class").

e. All persons and entities that: (a) had Virus Endorsement coverage under a property insurance policy issued by Defendant; (b) suffered a suspension of business related to COVID-19 or sought to minimize the suspension of business in connection with COVID-19 at the premises covered by their Hartford property insurance policy and suffered loss of Business Income and/or Extra Expense; (c) made a claim under their property insurance policy issued by Defendant; and (d) were denied Virus Endorsement coverage by Defendant for the loss of Business Income and/or Extra Expense in connection with the suspension of business caused by COVID-19 (the "Virus Endorsement Breach Class").

f. All persons and entities with Business Income coverage under a property insurance policy issued by Defendant that suffered a suspension of business due to COVID-19 at the premises covered by the business income coverage (the "Business Income Declaratory Judgment Class").

g. All persons and entities with Civil Authority coverage under a property insurance policy issued by Defendant that suffered loss of Business Income and/or Extra Expense caused by a Closure Order (the "Civil Authority Declaratory Judgment Class").

h. All persons and entities with Extra Expense coverage under a property insurance policy issued by Defendant that sought to minimize the suspension of business in connection with COVID-19 at the premises covered by their Hartford property insurance policy (the "Extra Expense Declaratory Judgment Class").

i. All persons and entities with a Sue and Labor provision under a property insurance policy issued by Defendant that sought to prevent property damage caused by COVID-19 by suspending or reducing business operations, at the premises covered by their Hartford property insurance policy (the "Sue and Labor Declaratory Judgment Class").

j. All persons and entities with Virus Endorsement coverage under a property insurance policy issued by Defendant that suffered loss of Business Income and/or Extra Expense due to COVID-19 at the premises covered by their Hartford property insurance policy (the "Virus Endorsement Declaratory Judgment Class").

46. Excluded from each defined Class is Defendant and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities; and the Court staff assigned to this case and their immediate family members. Plaintiff reserves the right to modify or amend each of the Class definitions, as appropriate, during the course of this litigation.

47. This action has been brought and may properly be maintained on behalf of each Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

/ / /

COMPLAINT

48.     **Numerosity—Federal Rule of Civil Procedure 23(a)(1).** The members of each defined Class are so numerous that individual joinder of all Class members is impracticable. While Plaintiff is informed and believe that there are thousands of members of each Class, the precise number of Class members is unknown to Plaintiff but may be ascertained from Defendant's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, internet postings, and/or published notice.

49.     **Commonality and Predominance—Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members, including, without limitation:

    a.  whether Defendant issued all-risk policies to the members of the Class in exchange for payment of premiums by the Class members;

    b.  whether the Class suffered a covered loss based on the common policies issued to members of the Class;

    c.  whether Defendant wrongfully denied all claims based on COVID-19;

    d.  whether Defendant's Business Income coverage applies to a suspension of business caused by COVID-19;

    e.  whether Defendant's Civil Authority coverage applies to a loss of Business Income caused by the orders of state governors requiring the suspension of business as a result of COVID-19;

    f.  whether Defendant's Extra Expense coverage applies to efforts to minimize a loss caused by COVID-19;

    g.  whether Defendant's Sue and Labor provision applies to require Defendant to pay for efforts to reduce damage caused by COVID-19;

    h.  whether Defendant's Virus Endorsement coverage applies to a loss of Business Income and Extra Expense caused by COVID-19.

i. whether Defendant has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss, or closures related to COVID-19 and the related closures; and

j. whether Plaintiff and the Class are entitled to an award of reasonable attorney fees, interest and costs.

50. **Typicality—Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the other Class members are all similarly affected by Defendant's refusal to pay under its Business Income, Civil Authority, Extra Expense, and Sue and Labor coverages. Plaintiff's claims are based upon the same legal theories as those of the other Class members. Plaintiff and the other Class members sustained damages as a direct and proximate result of the same wrongful practices in which Defendant engaged.

51. **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because its interests do not conflict with the interests of the other Class members it seeks to represent. Plaintiff has retained counsel competent and experienced in complex litigation, including cases similar to this one where insurers breached contracts with their insured by failing to pay the amounts owed under their policy, and Plaintiff intends to prosecute this action vigorously. The interests of the above-defined Classes will be fairly and adequately protected by Plaintiff and its counsel.

52. **Inconsistent or Varying Adjudications and the Risk of Impediments to Other Class Members' Interests—Federal Rule of Civil Procedure 23(b)(1).** Plaintiff seeks class-wide adjudication as to the interpretation, and resultant scope, of Defendant's Business Income, Civil Authority, Extra Expense, and Sue and Labor coverages. The prosecution of separate actions by individual members of the Classes would create an immediate risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the Defendant. Moreover, the adjudications sought by Plaintiff could, as a practical

COMPLAINT

matter, substantially impair or impede the ability of other Class members, who are not parties to this action, to protect their interests.

53. **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).** Defendant acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members.

54. **Superiority—Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

55. The nature of notice to the proposed Classes is contemplated to be by direct mail/e-mail upon certification of the Classes or, if such notice is not practicable, by the best notice practicable under the circumstances including, but not limited to, publication in major newspapers and on the Internet.

## VI.    CLAIMS FOR RELIEF
### COUNT I
### BREACH OF CONTRACT – BUSINESS INCOME COVERAGE
### (Claim Brought on Behalf of the Business Income Breach Class)

56. Plaintiff repeats and realleges Paragraphs 1–55 as if fully set forth herein.

57. Plaintiff brings this Count individually and on behalf of the other members of the Business Income Breach Class.

/ / /

- 13 -

58.     Plaintiff's Hartford policy, as well as those of the other Business Income Breach Class members, are contracts under which Defendant was paid premiums in exchange for its promise to pay Plaintiff and the other Business Income Breach Class members' losses for claims covered by the policy.

59.     In the Special Property Coverage Form, Defendant agreed to pay for its insureds' actual loss of Business Income sustained due to the necessary suspension of its operations during the "period of restoration."

60.     A "partial slowdown or complete cessation" of business activities at the Covered Property is a "suspension" under the policy, for which Defendant agreed to pay for loss of Business Income during the "period of restoration" "that occurs within 12 consecutive months after the date of direct physical loss or damage."

61.     "Business Income" means net income (or loss) before tax that Plaintiff and the other Business Income Breach Class members would have earned "if no physical loss or damage had occurred."

62.     COVID-19 caused direct physical loss and damage to Plaintiff's and the other Business Income Breach Class members' Covered Properties, requiring suspension of operations at the Covered Properties. Losses caused by COVID-19 thus triggered the Business Income provision of Plaintiff and the other Business Income Breach Class members' Hartford policies.

63.     Plaintiff and the other Business Income Breach Class members have complied with all applicable provisions of their policies and/or those provisions have been waived by Defendant or Defendant is estopped from asserting them, and yet Defendant has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms.

64.     By denying coverage for any Business Income losses incurred by Plaintiff and the other Business Income Breach Class members in connection with the COVID-19 pandemic, Defendant has breached its coverage obligations under the Policies.

COMPLAINT

65.     As a result of Defendant's breaches of the Policies, Plaintiff and the other Business Income Breach Class members have sustained substantial damages for which Defendant is liable in an amount to be established at trial.

## COUNT II:

## BREACH OF CONTRACT – CIVIL AUTHORITY COVERAGE

### (Claim Brought on Behalf of the Civil Authority Breach Class)

66.     Plaintiff repeats and realleges Paragraphs 1–55 as if fully set forth herein.

67.     Plaintiff brings this Count individually and on behalf of the other members of the Civil Authority Breach Class.

68.     Plaintiff's Hartford policy, as well as those of the other Civil Authority Breach Class members, are contracts under which Defendant was paid premiums in exchange for its promise to pay Plaintiff's and the other Civil Authority Breach Class members' losses for claims covered by the policy.

69.     Defendant promised to "pay for the actual loss of Business Income" sustained "and any Extra Expense caused by action of civil authority that prohibit access to" the Covered Property when a Covered Cause of Loss causes damage to property other than the Covered Property and the civil authority takes its action "in response to dangerous physical conditions."

70.     The Closure Orders triggered the Civil Authority provision under Plaintiff's and the other members of the Civil Authority Breach Class's Hartford insurance policies.

71.     Plaintiff and the other members of the Civil Authority Breach Class have complied with all applicable provisions of the Policies, and/or those provisions have been waived by Defendant or Defendant is estopped from asserting them, and yet Defendant has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms.

/ / /

72.　　By denying coverage for any business losses incurred by Plaintiff and other members of the Civil Authority Breach Class in connection with the Closure Orders and the COVID-19 pandemic, Defendant has breached its coverage obligations under the Policies.

73.　　As a result of Defendant's breaches of the Policies, Plaintiff and the other members of the Civil Authority Breach Class have sustained substantial damages for which Defendant is liable in an amount to be established at trial.

### COUNT III

### BREACH OF CONTRACT – EXTRA EXPENSE COVERAGE

### (Claim Brought on Behalf of the Extra Expense Breach Class)

74.　　Plaintiff repeats and realleges Paragraphs 1–55 as if fully set forth herein.

75.　　Plaintiff brings this Count individually and on behalf of the other members of the Extra Expense Breach Class.

76.　　Plaintiff's Hartford insurance policy, as well as those of the other Extra Expense Breach Class members, are contracts under which Defendant was paid premiums in exchange for its promise to pay Plaintiff and the other Extra Expense Breach Class members' losses for claims covered by the policy.

77.　　In the Special Property Coverage Form, Defendant agreed to pay necessary Extra Expense that its insureds incur during the "period of restoration" that the insureds would not have incurred if there had been no direct physical loss or damage to the Covered Property.

78.　　 "Extra Expense" means expenses "to avoid or minimize the suspension of business and to continue 'operations,'" and also includes expenses "to repair or replace property."

79.　　Due to COVID-19 and the Closure Orders, Plaintiff and the other members of the Extra Expense Breach Class incurred Extra Expense at Covered Property.

COMPLAINT

80.    Plaintiff and the other members of the Extra Expense Breach Class have complied with all applicable provisions of the Policies and/or those provisions have been waived by Defendant or Defendant is estopped from asserting them, and yet Defendant has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms.

81.    By denying coverage for any business losses incurred by Plaintiff and the other members of the Extra Expense Breach Class in connection with the Closure Orders and the COVID-19 pandemic, Defendant has breached its coverage obligations under the Policies.

82.    As a result of Defendant's breaches of the Policies, Plaintiff and the other members of the Extra Expense Breach Class have sustained substantial damages for which Defendant is liable in an amount to be established at trial.

**COUNT IV**

**BREACH OF CONTRACT – SUE AND LABOR COVERAGE**

**(Claim Brought on Behalf of the Sue and Labor Breach Class)**

83.    Plaintiff repeats and realleges Paragraphs 1–55 as if fully set forth herein.

84.    Plaintiff brings this Count individually and on behalf of the other members of the Sue and Labor Breach Class.

85.    Plaintiff's Hartford policy, as well as those of the other Sue and Labor Breach Class members, are contracts under which Defendant was paid premiums in exchange for its promise to pay Plaintiff and the other Sue and Labor Breach Class members' losses for claims covered by the policy.

86.    In the Special Property Coverage Form, Defendant agreed to give due consideration in settlement of a claim to expenses incurred in taking all reasonable steps to protect Covered Property from further damage.

/ / /

/ / /

- 17 -

87.     In complying with the Closure Orders and otherwise suspending or limiting operations, Plaintiff and other members of the Sue and Labor Breach Class incurred expenses in connection with reasonable steps to protect Covered Property.

88.     Plaintiff and the other members of the Sue and Labor Breach Class have complied with all applicable provisions of the policy and/or those provisions have been waived by Defendant, or Defendant is estopped from asserting them, and yet Defendant has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms.

89.     By denying coverage for any Sue and Labor expenses incurred by Plaintiff and the other members of the Sue and Labor Breach Class in connection with the Closure Orders and the COVID-19 pandemic, Defendant has breached its coverage obligations under the Policies.

90.     85. As a result of Defendant's breaches of the policies, Plaintiff and the other members of the Sue and Labor Breach Class have sustained substantial damages for which Defendant is liable in an amount to be established at trial.

**COUNT V**

**BREACH OF CONTRACT – VIRUS ENDORSEMENT COVERAGE**

**(Claim Brought on Behalf of the Virus Endorsement Breach Class)**

91.     Plaintiff repeats and realleges Paragraphs 1–55 as if fully set forth herein.

92.     Plaintiff brings this Count individually and on behalf of the other members of the Virus Endorsement Breach Class.

93.     Plaintiff's Hartford policy, as well as those of the other Virus Endorsement Breach Class members, are contracts under which Defendant was paid premiums in exchange for its promise to pay Plaintiff and the other Virus Endorsement Breach Class members' losses for claims covered by the policy.

94.     In the Virus Endorsement, Defendant agreed to pay for its insureds' Business Income and Extra Expense losses to the Covered Properties.

95.     COVID-19 caused direct physical loss and damage to Plaintiff's and the other Virus Endorsement Class members' Covered Properties, requiring suspension of operations at the Covered Properties. Losses caused by COVID-19 thus triggered the Virus Endorsement provision of Plaintiff and the other Virus Endorsement Class members' Hartford policies.

96.     Plaintiff and the other members of the Virus Endorsement Breach Class have complied with all applicable provisions of the Policies, and/or those provisions have been waived by Defendant or Defendant is estopped from asserting them, and yet Defendant has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms.

97.     By denying coverage for any business losses incurred by Plaintiff and other members of the Virus Endorsement Breach Class in connection with the COVID-19 pandemic, Defendant has breached its coverage obligations under the Policies.

98.     As a result of Defendant's breaches of the Policies, Plaintiff and the other members of the Virus Endorsement Breach Class have sustained substantial damages for which Defendant is liable in an amount to be established at trial.

**COUNT VI**

**DECLARATORY JUDGMENT – BUSINESS INCOME COVERAGE**
**(Claim Brought on Behalf of the Business Income Declaratory Judgment Class)**

99.     Plaintiff repeats and realleges Paragraphs 1–55 as if fully set forth herein.

100.    Plaintiff brings this Count individually and on behalf of the other members of the Business Income Declaratory Judgment Class.

101.    Plaintiff's Hartford policy, as well as those of the other Business Income Declaratory Judgment Class members, are contracts under which Defendant was paid premiums in exchange for its promise to pay Plaintiff and the other

COMPLAINT

Business Income Declaratory Judgment Class members' losses for claims covered by the Policy.

102.   Plaintiff and the other Business Income Declaratory Judgment Class members have complied with all applicable provisions of the Policies and/or those provisions have been waived by Defendant or Defendant is estopped from asserting them, and yet Defendant has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiff is entitled.

103.   Defendant has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

104.   An actual case or controversy exists regarding Plaintiff's and the other Business Income Declaratory Judgment Class members' rights and Defendant's obligations under the Policies to reimburse Plaintiff for the full amount of Business Income losses incurred by Plaintiff and the other Business Income Declaratory Judgment Class members in connection with suspension of their businesses stemming from the COVID-19 pandemic.

105.   Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Business Income Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

   a.   Plaintiff's and the other Business Income Declaratory Judgment Class members' Business Income losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their Policies; and

   b.   Defendant is obligated to pay Plaintiff and the other Business Income Declaratory Judgment Class members for the full amount of the Business

Income losses incurred and to be incurred in connection with the Closure Orders during the period of restoration and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

**COUNT VII**

**DECLARATORY JUDGMENT – CIVIL AUTHORITY COVERAGE**

**(Claim Brought on Behalf of the Civil Authority Declaratory Judgment Class)**

106.   Plaintiff repeats and realleges Paragraphs 1–55 as if fully set forth herein.

107.   Plaintiff brings this Count individually and on behalf of the other members of the Civil Authority Declaratory Judgment Class.

108.   Plaintiff's Hartford policy, as well as those of the other Civil Authority Declaratory Judgment Class members, are contracts under which Defendant was paid premiums in exchange for its promise to pay Plaintiff and the other Civil Authority Declaratory Judgment Class members' losses for claims covered by the Policy.

109.   Plaintiff and the other Civil Authority Declaratory Judgment Class members have complied with all applicable provisions of the Policies and/or those provisions have been waived by Defendant or Defendant is estopped from asserting them, and yet Defendant has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiff is entitled.

110.   Defendant has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

111.   An actual case or controversy exists regarding Plaintiff's and the other Civil Authority Declaratory Judgment Class members' rights and Defendant's obligations under the Policies to reimburse Plaintiff and the other Civil Authority

Declaratory Judgment Class members for the full amount of covered Civil Authority losses incurred by Plaintiff and the other Civil Authority Declaratory Judgment Class members in connection with Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

112.   Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Civil Authority Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

    a.   Plaintiff's and the other Civil Authority Declaratory Judgment Class members' Civil Authority losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their Policies; and

    b.   Defendant is obligated to pay Plaintiff and the other Civil Authority Declaratory Judgment Class members the full amount of the Civil Authority losses incurred and to be incurred in connection with the covered losses related to the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

## COUNT VIII

## DECLARATORY JUDGMENT – EXTRA EXPENSE COVERAGE

**(Claim Brought on Behalf of the Extra Expense Declaratory Judgment Class)**

113.   Plaintiff repeats and realleges Paragraphs 1–55 as if fully set forth herein.

114.   Plaintiff brings this Count individually and on behalf of the other members of the Extra Expense Declaratory Judgment Class.

115.   Plaintiff's Hartford insurance policy, as well as those of the other Extra Expense Declaratory Judgment Class members, are contracts under which Defendant was paid premiums in exchange for its promise to pay Plaintiff and the

1  other Extra Expense Declaratory Judgment Class members' losses for claims
2  covered by the Policy.

3      116.   Plaintiff and the other Extra Expense Declaratory Judgment Class
4  members have complied with all applicable provisions of the Policies and/or those
5  provisions have been waived by Defendant or Defendant is estopped from asserting
6  them, and yet Defendant has abrogated its insurance coverage obligations pursuant
7  to the Policies' clear and unambiguous terms and has wrongfully and illegally
8  refused to provide coverage to which Plaintiff is entitled.

9      117.   Defendant has denied claims related to COVID-19 on a uniform and
10  class wide basis, without individual bases or investigations, such that the Court can
11  render declaratory judgment irrespective of whether members of the Class have filed
12  a claim.

13      118.   An actual case or controversy exists regarding Plaintiff's and the other
14  Extra Expense Declaratory Judgment Class members' rights and Defendant's
15  obligations under the Policies to reimburse Plaintiff and the other Extra Expense
16  Declaratory Judgment Class members for the full amount of Extra Expense losses
17  incurred by Plaintiff in connection with Closure Orders and the necessary
18  interruption of their businesses stemming from the COVID-19 pandemic.

19      119.   Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Extra Expense
20  Declaratory Judgment Class members seek a declaratory judgment from this Court
21  declaring the following:

22      a.  Plaintiff's and the other Extra Expense Declaratory Judgment Class
23      members' Extra Expense losses incurred in connection with the Closure
24      Orders and the necessary interruption of their businesses stemming from
25      the COVID-19 pandemic are insured losses under their Policies; and
26      b.  Defendant is obligated to pay Plaintiff and the other Extra Expense
27      Declaratory Judgment Class members for the full amount of the Extra
28      Expense losses incurred and to be incurred in connection with the

covered losses related to the Closure Orders during the period of restoration and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

## COUNT IX

## DECLARATORY JUDGMENT – SUE AND LABOR COVERAGE
**(Claim Brought on Behalf of the Sue and Labor Declaratory Judgment Class)**

120.   Plaintiff repeats and realleges Paragraphs 1–55 as if fully set forth herein.

121.   Plaintiff brings this Count individually and on behalf of the other members of the Sue and Labor Declaratory Judgment Class.

122.   Plaintiff's Hartford insurance policy, as well as those of the other Sue and Labor Declaratory Judgment Class members, are contracts under which Defendant was paid premiums in exchange for its promise to pay Plaintiff and the other Sue and Labor Declaratory Judgment Class members' reasonably incurred expenses to protect Covered Property.

123.   Plaintiff and the other Sue and Labor Declaratory Judgment Class members have complied with all applicable provisions of the policies and/or those provisions have been waived by Defendant, or Defendant is estopped from asserting them, and yet Defendant has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiff is entitled.

124.   Defendant has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

125.   An actual case or controversy exists regarding Plaintiff and the other Sue and Labor Declaratory Judgment Class members' rights and Defendant's obligations under the policies to reimburse Plaintiff and the other Sue and Labor

1    Declaratory Judgment Class members for the full amount Plaintiffs and the other
2    members of the Sue and Labor Declaratory Judgment Class reasonably incurred to
3    protect Covered Property from further damage by COVID-19.

4         126.   Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Sue and Labor
5    Declaratory Judgment Class members seek a declaratory judgment from this Court
6    declaring the following:

7              a.  Plaintiff and the other Sue and Labor Declaratory Judgment Class
8                  members reasonably incurred expenses to protect Covered Property from
9                  further damage by COVID-19 are insured losses under their policies; and
10             b.  Defendant is obligated to pay Plaintiff and the other Sue and Labor
11                 Declaratory Judgment Class members for the full amount of the expenses
12                 they reasonably incurred to protect Covered Property from further
13                 damage by COVID-19.

14                               **COUNT X**

15   **DECLARATORY JUDGMENT – VIRUS ENDORSEMENT COVERAGE**
16   **(Claim Brought on Behalf of Virus Endorsement Declaratory Judgment Class)**

17        127.   Plaintiff repeats and realleges Paragraphs 1–55 as if fully set forth
18   herein.

19        128.   Plaintiff brings this Count individually and on behalf of the other
20   members of the Virus Endorsement Declaratory Judgment Class.

21        129.   Plaintiff's Hartford insurance policy, as well as those of the other Virus
22   Endorsement Declaratory Judgment Class members, are contracts under which
23   Defendant was paid premiums in exchange for its promise to pay Plaintiff and the
24   other Virus Endorsement Declaratory Judgment Class members' losses for claims
25   covered by the Policy.

26        130.   Plaintiff and the other Virus Endorsement Declaratory Judgment Class
27   members have complied with all applicable provisions of the policies and/or those
28   provisions have been waived by Defendant, or Defendant is estopped from asserting

COMPLAINT

1   them, and yet Defendant has abrogated its insurance coverage obligations pursuant
2   to the policies' clear and unambiguous terms and has wrongfully and illegally
3   refused to provide coverage to which Plaintiff is entitled.

4        131.   Defendant has denied claims related to COVID-19 on a uniform and
5   class wide basis, without individual bases or investigations, such that the Court can
6   render declaratory judgment irrespective of whether members of the Class have filed
7   a claim.

8        132.   An actual case or controversy exists regarding Plaintiff and the other
9   Virus Endorsement Declaratory Judgment Class members' rights and Defendant's
10  obligations under the policies to reimburse Plaintiff and the other Virus
11  Endorsement Declaratory Judgment Class members for the full amount of Business
12  Income and Extra Expense losses incurred by Plaintiff and the other Virus
13  Endorsement Declaratory Judgment Class members in connection with suspension
14  of their businesses stemming from the COVID-19 pandemic

15       133.   Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Virus
16  Endorsement Declaratory Judgment Class members seek a declaratory judgment
17  from this Court declaring the following:

18          a. Plaintiff and the other Virus Endorsement Declaratory Judgment Class
19            members' Business Income and Extra Expense losses incurred in
20            connection with the Closure Orders and the necessary interruption of
21            their businesses stemming from the COVID-19 pandemic are insured
22            losses under the Virus Endorsement and their policies; and

23          b. Defendant is obligated to pay Plaintiff and the other Virus Endorsement
24            Judgment Class members for the full amount of Business Income and
25            Extra Expense losses incurred and to be incurred in connection with the
26            Closure Orders during the period of restoration and the necessary
27            interruption of their businesses stemming from the COVID-19
28            pandemic.

COMPLAINT

## VII.   REQUEST FOR RELIEF

134.   WHEREFORE, Plaintiff, individually and on behalf of the other Class members, respectfully requests that the Court enter judgment in their favor and against Defendant as follows:

    a. Entering an order certifying the proposed nationwide Classes, as requested herein, designating Plaintiff as Class representatives, and appointing Plaintiff's undersigned attorneys as Counsel for the Classes;

    b. Entering judgment in favor of Plaintiff and the members of the Business Income Breach Class, the Civil Authority Breach Class, the Extra Expense Breach Class, and the Virus Endorsement Breach Class, and awarding damages for breach of contract in an amount to be determined at trial;

    c. Entering declaratory judgments in favor of Plaintiff and the members of the Business Income Declaratory Judgment Class, the Civil Authority Declaratory Judgment Class, the Extra Expense Declaratory Judgment Class, and the Virus Endorsement Declaratory Judgment Class as follows:

      i. Business Income, Civil Authority, Extra Expense, and Sue and Labor losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their Policies; and

      ii. Defendant is obligated to pay for the full amount of the Business Income, Civil Authority, Extra Expense, and Sue and Labor losses incurred and to be incurred related to COVID-19, the Closure Orders, and the necessary interruption of their businesses stemming from the COVID-19 pandemic;

    d. Ordering Defendant to pay both pre- and post-judgment interest on any amounts;

    e. Ordering Defendant to pay attorneys' fees and costs of suit; and

- 27 -
COMPLAINT

1      f.   Ordering such other and further relief as may be just and proper.

2    Respectfully submitted,

3    DATED:  April 23, 2020              JOHNSTON & HUTCHINSON LLP

4

5

6    _____

7                                       Thomas J. Johnston
                                        *Attorneys for Plaintiffs and the Proposed*
8                                       *Classes*

9                                       LAW OFFICES OF ROBERT L. SHAPIRO

10                                      Robert Shapiro

11                                      THE KNEAFSEY FIRM

12                                      Sean M. Kneafsey

13                                      THE AMMONS LAW FIRM, LLP

14                                      Patrick A. Luff (pro hac vice pending)

15                                      Miriah A. Soliz (pro hac vice pending)
                                        *Attorneys for Plaintiffs and the Proposed*
16                                      *Classes*

17

18

19

20

21

22

23

24

25

26

27

28

- 28 -

COMPLAINT

1
2

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of any issue triable by right of a jury

3

pursuant to Rule 38 of the Federal Rules of Civil Procedure.

4
5

DATED:  April 23, 2020                        JOHNSTON & HUTCHINSON LLP

6
7

_____

8

Thomas J. Johnston

9

*Attorneys for Plaintiffs and the Proposed Classes*

10
11

LAW OFFICES OF ROBERT L. SHAPIRO
Robert Shapiro

12
13

THE KNEAFSEY FIRM
Sean M. Kneafsey

14
15

THE AMMONS LAW FIRM, LLP
Patrick A. Luff (pro hac vice pending)

16

Miriah A. Soliz (pro hac vice pending)

17

*Attorneys for Plaintiffs and the Proposed Classes*

18
19
20
21
22
23
24
25
26
27
28

COMPLAINT